## RUNYAN *v.* RUNYAN.

Opinion delivered January 1, 1912.

1. INSURANCE—BENEFICIARIES—PAROL EVIDENCE.—The rights of parties to recover upon a policy of life insurance must be determined by the terms of the policy itself, and can not be affected by any provision of the by-laws or constitution of the insurer which is contrary to or different from the terms of the policy itself. (Page 356.)

2. SAME—PAROL EVIDENCE TO VARY POLICY.—Where the terms of a policy of insurance are plain and unambiguous, the opinion of the

officers of the insurance company and their custom and usage relative thereto will not be permitted to defeat or vary such terms. (Page 356.)

3. SAME—TO WHOM PAYABLE.—Where a policy of life insurance provides that the fund shall be paid to "the widow, heirs or such beneficiary as may be designated," in case the insured makes no designation in writing of a beneficiary, the entire fund is payable to the surviving widow to the exclusion of the heirs of the insured. (Page 357.)

4. CONTRACTS—CONSTRUCTION.—It is the duty of the court to determine the meaning of an unambiguous written contract. (Page 357.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

*Stevens & Stevens,* for appellants.

The constitution of the association fixes the benefit fund absolutely in the legal representatives of the insured, with the power in him to designate any one he might desire who is in the class designated in the contract. "Legal representatives" has no fixed judicial meaning, but is construed in each case to mean that which is justified by the contract. 4 L. R. A. (N. S.) 939; 117 U. S. 879.

*Lile & Hawkins,* for appellee.

A demurrer admits only such facts as are well pleaded, and it does not admit any conclusions of law, nor allegations which the law does not allow to be proved. 31 Cyc. 333; 6 Enc. Pl. & Pr. 334-338; 57 Ark. 284; 72 Ark. 119.

Parol evidence is not admissible either to vary the terms of a contract or to prove a custom in conflict with its terms, and such testimony can not be introduced to explain words in a contract that have a definite and fixed meaning. 54 Ark. 423; 17 Cyc. 684.

FRAUENTHAL, J. This was an action instituted by Florida Runyan, the plaintiff below, to recover upon a certificate of insurance issued upon the life of Jordan Runyan, in which she claims that, as his widow, she was named as the sole beneficiary. Upon the death of Jordan Runyan, he left surviving him two children as his only heirs in addition to his said widow. These children claimed that they were joint beneficiaries with the widow under said certificate of life insurance, and demanded from the Benefit Association issuing same their proportionate part thereof. This action was instituted by said widow against

the Benefit Association and said two children. The Benefit Association made no defense against a recovery on the policy, but deposited the amount thereof in court. The litigation then proceeded between the widow and children as to their respective claims for the fund. The complaint alleged that Jordan Runyan was a member of a fraternal organization in connection with which the Benefit Association issued to him a written certificate or policy of life insurance whereby it contracted and agreed, upon satisfactory proof of his death, to pay $200 "to his widow, heirs or such beneficiary as he might designate in writing on the reverse side of said policy." It was further alleged that he had never designated any beneficiary, and that, by the terms of the policy, it was payable solely to the plaintiff as the widow of said Jordan Runyan. The two children of Jordan Runyan filed an answer in which they claimed that the widow and the heirs were jointly the beneficiaries of the insurance fund, and that, on this account, they were entitled to recover same jointly with the plaintiff. They did not deny the issuance of said insurance certificate or policy set out in the complaint, nor did they deny that it was made payable in the terms and manner therein alleged. In substance, they alleged, as grounds why they were joint beneficiaries with the widow of said insurance money, the following:

1. That said Benefit Association, by its constitution, provided that a person on becoming a member of the fraternity became also a member of said Benefit Association, and that his legal representatives became thereby entitled to the benefit fund upon his death.

2. That it was a custom and rule of this Benefit Association to pay the insurance money to the widow and heirs in event the insured did not designate a beneficiary; and,

3. That, by the rules and constitution of the Benefit Association, it became the duty of the chief officer of the lodge to which the deceased member belonged to furnish to the treasurer thereof notice of the death of said member, the physician's certificate and also a statement of the condition of his account with the Association and to whom the money payable upon the insurance should be forwarded; and that in pursuance thereof the chief officer of said lodge furnished a statement showing that the widow and heirs were entitled to said

insurance fund, and that this was the mode of payment in accordance with the usage of said Benefit Association.

The plaintiff interposed a demurrer to the answer, which was sustained: and, the defendants refusing to plead further, the court rendered a judgment in favor of the plaintiff for the recovery of the insurance fund.

The rights of the parties to a recovery upon the policy of insurance herein sued on must be determined by the terms of the policy itself, and can not be affected by any provision of the by-laws or constitution of the Association which is contrary to or different from those terms and not in conformity therewith. The questions which we think are presented for determination by this appeal are:

First: Are the terms of the policy of insurance controlling in determining who are the beneficiaries thereunder; and,

Second: Under a proper construction of the terms of the policy sued on, to whom was the policy payable?

By the pleadings, it is conceded that the Benefit Association executed a written certificate or contract by which it insured the life of said Jordan Runyan in the sum of $200; by the terms of said written contract of insurance it was provided that in case of his death the Benefit Association would pay the fund "to his widow, heirs or such beneficiaries as he might designate in writing on the reverse of the policy." It was alleged in the answer that it was the custom and usage of the Benefit Association and its officers to pay the insurance fund to the widow and heirs in event the insured did not designate to whom it should be paid, but it was not alleged that there was any by-law of the Benefit Association making such provision, or that such by-law was made a part of the policy of insurance. Where the terms of the contract are plain and unambiguous, it is not admissible to show by parol evidence that there was some custom or usage of the Association issuing the policy interpreting such terms. The court itself must construe the contract and determine what is the true interpretation to be put upon the language used therein, and decide its legal effect. The opinion of the officers of the Association and their custom and usage relative thereto will not be permitted to defeat or vary the plain and unambiguous terms of the written instrument itself. 1 Bacon on Benefit Societies & Life Insurance (3 ed.) § 69;

*Manson* v. *Grand Lodge,* 30 Minn. 509; *Wiggin* v. *Knights of Pythias,* 31 Fed. 122; *Davidson* v. *Knights of Pythias,* 22 Mo. App. 263.

It follows that the answer did not set up a good defense against a recovery by the plaintiff upon the policy by the allegations therein made that there was a custom or usage of the Association or an opinion of its officers that the funds should be payable to the widow and heirs jointly, in case the insured did not designate a beneficiary. The question then recurs: does the policy name the payee in plain and unambiguous terms? It is the duty of the court to construe the language and to determine the meaning of a written contract. The written policy sued on provides that the insurance fund shall be paid "to the widow, heirs or such beneficiary as may be designated" by the insured. We think that by the use of the word "or" the payees in the policy are mentioned disjunctively—unless a beneficiary is designated by the insured—that is to say, the money is to be paid in such event to the widow or to the heirs, and is not payable to the widow and heirs. Now the plain meaning of these terms thus used disjunctively in the policy is that the fund is to be paid to the one or the other of these classes, to be selected by some authority, or that the persons of each class are to have precedence in the order in which they are named. It is not alleged that there was any by-law or provision of the constitution of the Association authorizing a selection of the beneficiary in event none was designated by the insured; and no such authority to make such a selection is given by any term of the policy. We are of the opinion, then, that the proper construction to be placed upon this clause of the policy is that, in the event the insured makes no designation in writing of a beneficiary, the entire amount of the policy is payable to the persons of the classes therein named and in the order therein named. *Masonic Mutual Relief Association* v. *McAuley,* 2 Mackey's Report, 70; *Munroe* v. *Providence Permanent Fireman's Relief Association,* (R. I.) 34 Atl. 997; 1 Bacon on Benefit Societies & Life Insurance, § 264.

The widow having precedence in the policy as the payee thereof, she is entitled to its proceeds to the exclusion of all other persons therein named. It follows that the action of

the lower court was right, and its judgment is accordingly affirmed.