LEE *v.* POTTER.

4-4480

Opinion delivered January 11, 1937.

*Buzbee, Harrison, Buzbee & Wright* and *C. W. Garner* and *G. W. Fike,* for appellants.

*Osborne W. Garvin,* for appellee.

HUMPHREYS, J. The appellants in this case are children of Charles E. Potter, deceased, who, at the time of his death, had been married three times. Appellee was his third wife and the stepmother of said children. During the life of the second wife, Charles E. Potter procured a life insurance policy on his life payable in case of his death to his then wife, Maude M. Potter, if she survived him and if not, to his executors, administrators or assigns. The exact clause in the policy relative to the payment of the amount due on the policy in case of the death of the insured is as follows:

"3. Death Beneficiary—The amount becoming due from the company by reason of the death of the insured shall be payable to the death beneficiary as follows: Maude M. Potter, wife of the insured, if she survives the insured; otherwise, to the insured's executors, administrators or assigns,—and the amount due from the company by reason of the maturity of the endowment, or the cash value or the loan value, shall be payable to the life beneficiary as follows: The insured * * *.

"5. Change of Beneficiary—Subject to any assignment hereof, the beneficiary of this policy may be changed as often as desired—by the life beneficiary * * *.''

On December 1, 1935, Charles E. Potter died, intestate, leaving surviving him his children, the appellants, and his widow, Grace Lela Potter, the appellee. His second wife, Maude M. Potter, predeceased him and he made no change in his life-time of the beneficiaries mentioned in the policy. On December 4, 1935, Grace L. Potter, his widow, was duly appointed administratrix of the estate of Charles E. Potter, deceased. His estate was insolvent at the time of his death. There was due on the policy $2,638.03, which was claimed on the one hand by the children of the deceased and on the other by the administratrix. In view of this dispute as to the ownership of the net proceeds of the policy the Ætna Life

Insurance Company filed a complaint of interpleader in the chancery court of Pulaski county and made the claimants of the proceeds parties defendant. It paid the amount due on the policy into the registry of the court and prayed that it be discharged from further liability.

The administratrix filed an intervention claiming that she was solely entitled to the net proceeds of the policy and the children filed an intervention claiming that they were entitled solely to the proceeds of the policy because the proceeds thereof were exempted from the payment of debts or creditors of the insured under act 137 of the Acts of 1925, act 76 of the Acts of 1931, and act 102 of the Acts of 1933.

The Ætna Life Insurance Company was discharged and the issue joined between appellants and appellee as to the ownership of the net proceeds of the policy was submitted to the court upon an agreed statement of facts and the testimony adduced, resulting in a decree awarding the amount due on the policy to the administratrix and awarding the administratrix one-third of the amount as dower, from which is this appeal.

The undisputed evidence reflects that the insured named his second wife beneficiary in the policy in the event she survived him, but in the event she predeceased him he named his executors, administrators or assigns as beneficiary.

The main question arising on this appeal is whether the proceeds of the policy are payable to the children of the deceased under the statute of descent and distribution or to the administratrix as a part of the estate of the deceased.

Appellants contend that under the statutes mentioned above the children were entitled to the net proceeds of the policy to the exclusion of the administratrix or the creditors of the estate of the deceased.

We find nothing in the statutes which prevent an insured from making his executors, administrators or assigns a beneficiary in a policy of insurance. After the death of the second wife who was named a beneficiary in the policy it left only one beneficiary named therein

and stood just as if the policy had been originally made for the benefit of the estate of the deceased. None of the statutes mentioned above exempt the proceeds of the policy from participation therein by the creditors of a deceased insured where the insured specifically should make his executor, administrator or assigns a beneficiary in the policy. It is so clear from the reading of act 137 of the Acts of 1925 and act 102 of the Acts of 1933 that they have no application to a policy in which an insured has specifically named his executor, administrator or assigns as a beneficiary that it is useless to incorporate said acts in this opinion. The main statute relied upon by appellants as exempting to them the net proceeds of this policy to the exclusion of the creditors is act 76 of the Acts of 1931, which is as follows:

"SECTION 1. If a policy of insurance, whether heretofore or hereafter issued, is effected by a person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors,

with specification of the amount claimed, provided this act shall not apply to pending suits.''

Our construction of this act is that where any person procures an insurance policy for the benefit of himself or his executors or administrators that the creditors are not prohibited from participating therein, but, if effected for the benefit of some other lawful beneficiary, then, the creditors are prohibited from participating in the proceeds thereof.

The only other contention made by appellants is that the trial court erred in awarding to the widow of the deceased one-third of the net proceeds of the policy as dower.

They rely upon the dower statute as not including the proceeds of the policy accruing to the estate upon the death of the insured. The proceeds of the policy were clearly a chose in action and there can be no question that a widow is entitled to her dower interest in all choses in action which belong to her husband at the time of his death. This identical statute was construed by the Supreme Court of Oklahoma in the case of *Burdette* v. *Burdette,* 26 Okla. 416, to include proceeds of a policy payable to the insured, his executors or administrators, subject to the widow's dower.

No error appearing, the decree is affirmed.