Potter v. Young.

4-4615

Opinion delivered April 19, 1937.

*Osborne W. Garvin,* for appellant.

*Buzbee, Harrison, Buzbee & Wright, C. W. Garner* and *G. W. Fike,* for appellees.

SMITH, J. This case was tried in the court below upon a stipulation of facts, from which we copy as follows. On March 1, 1931, the Travelers' Insurance Company issued its group policy to the Johns-Manville Corporation, employer, and on the same date issued its certificate of insurance under said group policy to Charles E. Potter, employee of Johns-Manville Corporation, insuring the life of Charles E. Potter in the principal sum of $3,000, payable to Maude Matilda Potter, wife, as beneficiary. The beneficiary predeceased her husband. She died intestate September 12, 1932. On October 6, 1934, Charles E. Potter married Grace Lela Potter.

On December 1, 1935, while in the employ of Johns-Manville Corporation, and while said insurance was in force, Charles E. Potter died intestate. He left surviving him his widow, Grace Lela Potter, and seven children, four by his first wife, who is now deceased, and three by his second wife, Grace Lela Potter. The ages of the children ranged from 33 to 17 years. The youngest child—a son—was the only minor, and was the only child living with Charles E. Potter at the time of his death.

On December 4, 1935, Grace Lela Potter was appointed administratrix of the estate of her deceased husband, and is now duly qualified and acting as such administratrix. On December 8, 1935, the children filed suit against the insurance company for the proceeds of the policy. On December 21, 1935, Grace Lela Potter filed an intervention claiming the proceeds of the policy for the benefit of the estate. The insurance company paid the face of the policy into the registry of the court and has been discharged and dismissed from the case.

The group policy provides:

"The amount payable upon the death of an employee shall be paid in accordance with the paragraph, 'Modes of Settlement.'

"*  *  *

"Modes of Settlement: Any claim for death under this policy shall be paid to the beneficiary designated by the employee either in one amount or in a fixed number of installments for each one thousand dollars according to the following table upon the written election of the employer, the first installment to be paid immediately upon receipt of due proofs of death.

"(Table of installments payments.)

"In the event of the death of the beneficiary before payment of the amount of the insurance or all of the installments to which the beneficiary may be entitled 'Permanent Total Disability Benefit,' or in the event that no beneficiary shall have been named, or when the beneficiary is a minor, the amount of the insurance or the remainder of the installments, as the case may be shall be paid to the relative by blood or connection by marriage of the insured employee or to such other person as the employer shall designate as equitably entitled to the same. In such case the remaining installments may be commuted into one sum on the basis of interest at the rate of three and one-half per cent. per annum.

"Change of Beneficiary: Any employee insured hereunder may designate a new beneficiary at any time by filing with the employer a written request for such change on forms furnished by the company, but such change shall become effective only upon receipt of such request at the main office of the employer."

A. M. Schmidt testified that he was the manager of the insurance department of the Johns-Manville Corporation, and that upon being advised of the insured's death he wrote a letter to the insurance company in which he designated Mrs. Grace Lela Potter, in her capacity as administratrix of the estate of her husband, as the beneficiary equitably entitled to the proceeds of the policy. In so doing he acted for the Johns-Manville Corporation.

D. W. James testified that he was the investigator and adjuster representing the insurance company, and that while the Johns-Manville Corporation had designated a beneficiary, the proceeds of the policy had not been paid upon that designation, as the provision entitled ";Modes of Settlement" governs and controls the designation of the beneficiary, and he considered its proper interpretation a question which should be decided by the courts.

The decision of this question is decisive of the case. The court below was of the opinion that the children were the first of the alternative designated beneficiaries, and decreed accordingly, from which decree the widow, as administratrix, has appealed.

The recent case of *Lee* v. *Potter, ante,* p. 401, 100 S. W. (2d) 252, is not controlling here, although the litigation is between the same parties. In that case, as in this, the suit was on a policy naming the insured's second wife as beneficiary, and there had been no designation of a substituted beneficiary upon her death. But the policy in that case was payable to the "wife of the insured if she survive the insured; otherwise to the insured's executors, administrators or assigns." We held that the effect of the language quoted was to designate the insured's administratrix as an alternative beneficiary.

The construction of this policy, in determining who the beneficiary is, will be simplified if we eliminate the provisions therefrom which are not of controlling importance, and this we proceed to do.

Upon the question of the designation of the administratrix as the beneficiary by the employer, appellant says: "The administratrix was designated by the employer, but she does not predicate her claim to the proceeds upon said designation, although the employer and the insurer expressed opinions that under the circumstances a designation was necessary."

We concur in the view that this designation is not controlling. The provision whereby the employer, in the contingency provided for in the "Modes of Settlement"

paragraph, may designate the beneficiary is in the nature of what is called, in Cooley's Briefs on Insurance (2d ed., vol. 7, pages 6369 *et seq.*) and by other textwriters, "a Facility of Payment Clause," which clause appears to be recognized as valid by the courts and enforced where no other beneficiary is named. But it was not held in any of the cases there cited, or in any other case to which our attention has been called, that it was intended to give an employer the right to change the beneficiary named or the order of preference in which they shall take the proceeds of the policy. The right to designate a beneficiary or to change the beneficiary is given to and abides with the employee, and not with the employer. The first sentence in the paragraph "Modes of Settlement" appears to be conclusive of this question. It reads: "Any claim for death under this policy shall be paid to the beneficiary designated by the employee. * * * "

It will further simplify the case to determine at this point what are the "Claims for Death." The policy makes provision for the payment of disability benefits, and contemplates the possibility that such payments shall have been made to the insured in his lifetime, but not exceeding the face of the policy. No such payments were made in the instant case, and the "Modes of Settlement" paragraph may, therefore, be read with the provision relating thereto eliminated. So also may the phrase, "or when the beneficiary is a minor," be eliminated. It so happens that one only of the children of the insured is a minor. But the policy was not payable to a minor as such. If the minor is a beneficiary at all—a question to be presently considered—he is such as "a relative by blood," and would take the same share of the proceeds as do his brothers and sisters who are also "relatives by blood," in equal degree. The minor is a member of the class "relatives by blood," but so also, and in equal degree, are his brothers and sisters who are adults.

The paragraph, "Modes of Settlement," becomes effective upon the death of the insured, and makes provision for the payment, not only of the balance remaining

after crediting the amount of disability benefits paid, if any, but provides for the disbursement of the full face of the policy where no disability benefits have been paid.

Thus stripped of phrases and conditions which may and should be eliminated, the "Modes of Settlement" paragraph reads as follows: "In the event of death of the beneficiary before payment of the amount of the insurance, * * * or in the event that no beneficiary shall have been named, * * *, the amount of the insurance shall be paid to the relative by blood, or connection by marriage of the insured employee, or to some person who the employer shall designate as equitably entitled to same."

Let it be remembered that Maude Matilda Potter, the principal or first named beneficiary, died before the amount of the insurance, or any part thereof, was paid to any one, and the insured did not elect to exercise the right to name other primary beneficiaries. Were other beneficiaries named, or was it necessary for the employer, under the "Facility of Payment" clause, to name the person who appeared to be "equitably entitled to the proceeds"?

We think that conclusion cannot be reached if we give effect to this language: "or in the event that no beneficiary shall have been named, * * *, the amount of the insurance shall be paid to the relative by blood, or connection by marriage, of the insured employee. * * *." Now, Maude Matilda Potter having predeceased the insured, and no substitution of the primary beneficiary having been named, there was no beneficiary specifically named, and the other classes take and in the order named —if there are such classes.

It can only be that the employer has the right to designate a beneficiary "as equitably entitled" in the event that no other beneficiary has been named. Certainly the right to substitute a beneficiary has not been conferred on the employer. It appears, from the quotation above copied from the policy, that the right to name the beneficiary is expressly given to the insured employee, and language of the most unequivocal and plainest character would be required to warrant the construc-

tion that the employer may disregard this right by naming some other person as more "equitably entitled to the same."

Certainly we must give some effect to the provision that "in the event no beneficiary shall have been named, * * *, the amount of the insurance * * * shall be paid to the relative by blood or connection by marriage of the insured employee;" and, if we do give effect to this language, must we say, can we say, that their right to take anything, or at all, is subject to the discretion of the employer to designate a beneficiary thought by the employer to be more "equitably entitled to the same?"

As we read the provisions above quoted, the use of the disjunctive conjunction "or" is of aid in construction. It indicates that, absent a specifically named beneficiary, other named beneficiaries shall take and the order in which they shall take. The class first named shall first take, "or" if there is no one of that class, those secondly named shall take, "or" if there be no one of that class to take, the person last named shall take, that is, such other person as the employer shall designate as "equitably entitled to same." Had there been no person in the first class (relative by blood), then persons of the second class (connections by marriage) would take. Absent persons of either the first or second class, the employer would, in that event, designate some one equitably entitled to take. The distribution to be made by the person last named of the proceeds of the policy is a question not presented for decision, as there are, in fact, persons of both prior classes.

In Couch's Cyclopedia of Insurance Law, vol. 2, page 820, it is said: "Likewise, a member, who has an absolute right to designate any eligible as beneficiary, may name alternative beneficiaries from among the eligibles, and, if one predeceases the member, the other may take."

Our recent case of *Dennis* v. *Equitable Life Assurance Society*, 191 Ark. 825, 88 S. W. (2d) 76, is to the effect that alternative beneficiaries take in the order of their designation. See also *Runyan* v. *Runyan*, 101 Ark. 353, 142 S. W. 519.

964

The new work on group insurance by Crawford & Harlan, page 205, contains a copy of a policy identical with the one here involved, but cites no case construing it, nor was editorial comment made as to its construction, and we have found no case construing provisions of the policy herein recited.

The decree of the court below concurs with the views here expressed, and it is, therefore, affirmed.

McHANEY, J., dissents.